# IN THE COURT OF APPEALS OF IOWA

--------

No. 24-1562
Filed July 22, 2026

--------

**State of Iowa,**
Plaintiff–Appellee,
v.
**Tyler James Dazey,**
Defendant–Appellant.

--------

Appeal from the Iowa District Court for Dubuque County,
The Honorable Thomas A. Bitter, Judge.

--------

**AFFIRMED**

--------

Tiffany Kragnes, West Des Moines, attorney for appellant.

Brenna Bird, Attorney General, and Joshua Henry, Assistant Attorney General, attorneys for appellee.

--------

Considered without oral argument
by Ahlers, P.J., and Buller and Sandy, JJ.
Opinion by Ahlers, P.J.

**AHLERS, Presiding Judge.**

Tyler Dazey was charged with first-degree murder and animal abuse after a friend entered the home he shared with his mother and found her and her dog brutally killed. A jury found him guilty of both crimes. Dazey appeals. He claims his due process rights were violated because he was incompetent to stand trial.

We review competency determinations de novo. *State v. Johnson*, 784 N.W.2d 192, 194 (Iowa 2010). Competence is presumed, so the defendant must prove incompetence by a preponderance of the evidence. *Id.* A competency hearing is required to ensure due process rights are not violated if "at any stage of a criminal proceeding" there are "specific facts showing that the defendant is suffering from a mental disorder which prevents the defendant from appreciating the charge, understanding the proceedings, or assisting effectively in the defense." Iowa Code § 812.3(1) (2024). Once the court determines that a defendant is competent, we presume continued competence unless there is new evidence to the contrary. *State v. Lyman*, 776 N.W.2d 865, 874 (Iowa 2010), *overruled on other grounds by Alcala v. Marriott Int'l, Inc.*, 880 N.W.2d 699, 708 n.3 (Iowa 2016).

Dazey's counsel initially pursued insanity and diminished capacity defenses. Dazey disagreed with this approach because it "insinuated [his] guilt," so he refused to assist his counsel in pursuing those defenses. Against Dazey's wishes, his counsel raised competency concerns several times throughout the proceedings before the district court. The court held a competency hearing pursuant to Iowa Code sections 812.4 and 812.5. After the hearing, the court determined Dazey was competent to stand trial based on the competency evaluations and arguments presented. Later challenges

to Dazey's competency by defense counsel were rejected by the court because no new evidence supported them.

On appeal, Dazey does not challenge the court's initial competency determination. But he does challenge the court's rejection of his later competency challenges. He contends that events after the initial competency determination showed that Dazey was incompetent to stand trial because his mental illness[1] prevented him from "assisting effectively in the defense."[2] *See* Iowa Code § 812.3(1); *State v. Einfeldt*, 914 N.W.2d 773, 781 (Iowa 2018) (requiring "present ability" to consult with counsel). To support this argument, Dazey points to his pro se filings, interactions with the court, and his refusal to be physically present at the trial.

Although Dazey's interactions with the court were occasionally parabolic, religious, or metaphysical in nature, and utilized unusual speech patterns, they were not new and did not prevent him from assisting in his defense. *See* Iowa Code § 812.3(1). Before the court's initial competency determination, the State's expert noted this behavior:

> His thought process is generally logical and goal-directed. He often uses uncommon words and idiosyncratic analogies which can be difficult to follow and give the impression of thought disorder, but his intended meaning is usually apparent. He expresses a number of esoteric ideas pertaining to alchemy, quantum mechanics, Freemasons, and religion, among other topics . . . .

---

[1] The State's expert diagnosed Dazey with unspecified personality disorder; unspecified schizophrenia spectrum and other psychotic disorder; post-traumatic-stress disorder; and a history of cannabis use disorder.

[2] Because Dazey's argument on appeal focuses on his claimed inability to assist in his defense and the State's and defense's competency experts agreed that Dazey understood the charges against him and the proceedings, we limit our analysis to his ability to assist counsel in his defense.

. . . .

> . . . While he appears genuinely invested in these ideas, his conviction seems more indicative of overvalued belief rather than delusion. The ideas . . . appear [to] be derived from a number of semi-religious self-help books from the early 20th century which further suggests his beliefs are not delusional.

The State's expert concluded Dazey was competent, stating:

> He does not present with any symptoms which would interfere with his ability to work effectively with his defense counsel. His reasons for not wanting to be represented by an attorney are idiosyncratic but not due to a serious mental illness. He could work effectively with defense counsel if he chose to do so . . . . He may choose ineffective communication styles or self-defeating behaviors, but such decisions are attributable to personality pathology rather than another serious mental illness.

The court agreed with this assessment stating, "I do think he can assist in his own defense. I think he simply chooses not to, and that is his choice."

Based on our de novo review, we agree with the district court that Dazey has not met his burden to prove he was incompetent to stand trial. The evidence convinces us that Dazey had the ability to assist in his defense. He simply chose not to because he believed he was innocent and did not want to pursue any defense that insinuated otherwise, such as insanity and diminished capacity. A defendant's refusal to participate in his own defense due to his disagreement with the defense counsel's strategy does not equate to an inability to do so. *See State v. Lyons*, 16 N.W.3d 66, 72 (Iowa Ct. App. 2024) (relying on the district court's analysis to conclude that difficulty in working with a client "does not equate to an inability to assist effectively in the defense"); *State v. Chatman*, No. 19-0856, 2020 WL 7021709, at *5 (Iowa Ct. App. Nov. 30, 2020) ("An ability to assist effectively in one's defense does not require passively accepting appointed counsel's proposed strategy.").

Dazey's refusal to be present at trial also did not amount to an inability to assist in his defense. Dazey gave several reasons for his decision not to be present for the trial. He claimed he would be present through metaphysical means. He said being present would disrespect and dishonor his mother and dog. He stated it was his holy week. And he expressed frustration with a perceived deprivation of his rights. We view the myriad of excuses Dazey made as indicators that he simply no longer wanted to participate, not that he was unable to do so. As such, Dazey did not meet his burden to establish that he was incompetent to stand trial.

Because Dazey was able to assist in his own defense but simply chose not to, we conclude he was competent to stand trial, so his due process rights were not violated.

**AFFIRMED.**